(Reap. Dec. 10481)

MESSER IMPORT CORP. *v.* UNITED STATES

Entry No. 1015185/3, etc.

(Decided April 8, 1963)

*Brooks & Brooks* (*J. Joseph McDermott* of counsel) for the plaintiff.
*John W. Douglas,* Assistant Attorney General (*Samuel D. Spector,* trial attorney), for the defendant.

WILSON, Judge: When the appeals for reappraisement enumerated in the attached schedule were called for trial, they were, by agreement of counsel, consolidated for trial and disposition. The appeals are from values returned by the United States appraiser on footwear,

imported from Japan. Counsel for the parties then entered into the following stipulation in open court:

It is mutually agreed and stipulated that the correct statutory basis of value for the merchandise involved in the reappraisement appeals herein is export value under Section 402(a)(d), of the Tariff Act of 1930, as renumbered by the Customs Simplification Act of 1956, 19 U.S. Code Annotated, Section 1402(d).

It is also mutually agreed and stipulated that the amounts specified on the invoices in the reappraisement appeals at bar for the said charges are correct, and if inland freight, insurance, haulage, lighterage, storage, usual petties, etc., are dutiable charges, then the appraised values are the correct dutiable values of the merchandise involved in these appeals.

It is further agreed and stipulated that if inland freight, insurance, haulage, lighterage, storage, usual petties, etc., are not dutiable charges, then the unit invoice values in United States dollars are the correct dutiable values of the merchandise involved in the reappraisement appeals herein, within the meaning of the statute.

The shipper of the merchandise was Hiraoka & Co., Ltd., of Tokyo, Japan. The invoices indicated, however, that the sellers of the merchandise were other Japanese firms. The charges, referred to in the foregoing stipulation, were deducted upon entry of the merchandise as nondutiable but were considered by the appraiser to be dutiable and were added back on appraisement.

At the trial of the issue, there were offered and received in evidence, without objection, as collective exhibit 1, six affidavits executed in Japan before an American consul. Three of the said affidavits were executed by the manager in charge of the shoe and footwear department of the shipper, Hiraoka & Co., Ltd., and are to the effect that in the transaction here involved Hiraoka & Co., Ltd., acted as buying agent for the importer; and that the footwear in question was purchased for the account of the importer from the actual sellers on the basis of ex-factory unit prices in Japanese yen.

Each of the remaining affidavits was executed by the general managers of the selling firms, and each is to the effect that all sales of the product of the seller, during the period here in question, were made on an ex-factory price basis, including those in the cases at bar.

On the record presented, I find that export value, as defined in section 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the values of the merchandise involved and that such values were the unit invoiced prices in United States dollars.

Judgment will issue accordingly.